<span style="color:red">**CORRECTED**</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1768V

| | |
|---|---|
| ROBERT SCHENCK,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 20, 2023 |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 27, 2021, Robert Schenck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome which meets the Table definition for GBS or which, in the alternative, was caused-in-fact by the influenza vaccine he received on November 1, 2020. Petition, ECF No. 1. On February 10, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,221.46 (representing $25,767.00 for fees and $454.46 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Aug. 17, 2023, ECF No. 40. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 40-3.

On August 18, 2023, Respondent filed a response indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 41. Petitioner did not file a reply thereafter.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed Oct. 28, 2022, ECF No. 29 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, ECF No. 31; and Petitioner's Reply Brief, ECF No. 33. Petitioner's counsel expended approximately 8.0 hours drafting the brief in support of damages; and 3.2 hours drafting the reply brief, totaling 11.2 hours. ECF No. 40-1 at 8-9. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 40-2. Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs**. I award a total of $26,221.46 (representing $25,767.00 for fees and $454.46 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Emily B. Ashe.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.